IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FREDERICK D. MANUEL, #1120043,**
             **Plaintiff,**

v.                                                                          **Case No.  A-12-CV-992-LY**

**ROSEMARY LEHMBERG,**
             **Defendant.**

_____

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court is pro se Plaintiff Frederick D. Manuel's Complaint brought pursuant to 42 U.S.C. § 1983 (Document 1). Manuel is proceeding pro se and has been granted in forma pauperis status. *See* Order (November 1, 2012) (Document 4). For the reasons set forth below, the undersigned concludes that the complaint should be dismissed, in part with prejudice and in part without prejudice.

## BACKGROUND

At the time he filed his § 1983 complaint, Manuel was confined at the Travis County Correctional Complex. Manuel has sued Rosemary Lehmberg, the Travis County District Attorney. He alleges he was arrested on April 29, 2011 for the offense of aggravated robbery with a deadly

weapon and was not given his *Miranda* rights.  Compl. at 4.  Manuel also alleges that his bail was set at an excessive amount, and he sought an examining trial, which was denied.  *Id.* & Ex. A; *see also* Ex. B.  After being indicted for the offense of aggravated robbery with a deadly weapon, Manuel alleges he filed a motion invoking his speedy-trial rights, which was denied.  Compl. at 4.  Fourteen months later, Manuel alleges he was indicted on a capital murder charge.  *Id.* & Ex. C.

On October 22, 2012, Manuel filed this lawsuit, styled as a § 1983 case, seeking the following relief in this Court:  "make the [state trial] court follow the due process of law" and "monetary damages for the time I have been incarcerated so far, mental anguish, anxiety, mental and emotional distress."  Compl. at 4.  The Court received Manuel's complaint on October 25, 2012.

## DISCUSSION

### I.     STANDARD UNDER 28 U.S.C. § 1915(e)

On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See, e.g., Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such a dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after filing of a defendant's answer.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a pro se plaintiff's complaint, the Court must liberally construe the allegations.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972) (*per curiam*). A plaintiff's pro se status, however, does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse

already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## II. MANUEL'S CLAIMS

### A. Claim Against District Attorney under § 1983

In this case, Lehmberg, the Travis County District Attorney, is protected by absolute immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615 (1993); *Burns v. Reed*, 500 U.S. 478, 487-92, 111 S. Ct. 1934, 1940-42 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427-31, 96 S. Ct. 984, 993-95 (1976). "'[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Buckley v. Fitzsimmons,* 509 U.S. at 272, 113 S. Ct. at 2615). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Id.*

Manuel challenges actions taken by Lehmberg that are protected by prosecutorial immunity. He does not allege any conduct by Lehmberg that was outside the course and scope of representing the District Attorney's Office in his criminal proceedings. Therefore, Lehmberg is protected by absolute immunity. Accordingly, Manuel's § 1983 claim should be dismissed with prejudice.

### B. Other Constitutional Challenges

Manuel also challenges his arrest by invoking *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966), and appears to invoke rights under the Speedy Trial Clause of the Sixth Amendment. These claims must be pursued via a petition for habeas corpus relief. Because Manuel has not yet been convicted of an offense relevant to the claims, these constitutional challenges must be construed as claims under 28 U.S.C. § 2241. Claims under 28 U.S.C. § 2241, however, may not be filed in federal court until a petitioner has exhausted his state-court remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Manuel makes no allegations suggesting he has exhausted his state-court remedies, and he has not named a proper respondent. Accordingly, Manuel's claims seeking enforcement of his *Miranda* and speedy-trial rights should be dismissed without prejudice to filing an application for habeas corpus relief after he has exhausted his state-court remedies.

### RECOMMENDATION

The Court should dismiss with prejudice the § 1983 claim against Lehmberg based on prosecutorial immunity. It should also dismiss the claims that seek enforcement of Manuel's *Miranda* and speedy-trial rights, but without prejudice to filing an application for habeas corpus relief.

SIGNED this 5th day of November, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE